CUTRER, Judge.
Plaintiffs, Guinn 0. Hines and Donna W. Hines, instituted this suit against Dr. Joseph R. Costa, Dr. A. N. Evans, and the insurer of these physicians, St. Paul Fire & Marine Insurance Company, for the wrongful death of their child, Twyla Hines. The defendant physicians are medical doctors specializing in pediatrics in Alexandria, Louisiana. Plaintiffs’ petition alleged that certain negligent acts or omissions of the defendant physicians resulted in the death of their daughter. At the conclusion of a jury trial, a verdict was returned in favor of the defendants. Plaintiffs appeal from the trial court judgment dismissing their suit.
*970 The first and foremost assignment of error complained of was that the trial judge erred by refusing to allow plaintiffs’ expert witness, a pediatrician from the New Orleans area, to testify as to the proper standard of practice among pediatricians and whether the defendant doctors breached the standard in this case.
During plaintiffs’ case-in-chief, a Dr. George Sterne was called to testify. Among other qualifications, Dr. Sterne was a board certified specialist in pediatrics and a Professor of Medicine at Tulane Medical School in New Orleans. During questions regarding his qualifications, Dr. Sterne stated that he had never practiced medicine in the Alexandria community. He also admitted that except for a period of time when he was in the military service, he had never practiced outside of New Orleans. The trial judge accepted Dr. Sterne as an expert in the medical field but ruled that it had not been shown that he was familiar with the standard of care of pediatricians in the Alexandria locality. Consequently, the trial judge repeatedly sustained defendants’ objections to plaintiffs’ questions concerning standards of practice or reasonable standards that would ordinarily be exercised by pediatricians.
The Louisiana Supreme Court in the very recent case of Ardoin v. Hartford Accident & Indemnity Company et al., 360 So.2d 1331 (La.1978), was faced with the question of whether the “locality rule” applies to malpractice actions against medical specialists. The Supreme Court in interpreting Act 807 of 1975 which became LSA-R.S. 9:2794 held that a medical specialist is required to exercise the degree of care and possess the degree of knowledge or skill ordinarily exercised and possessed by physicians within his medical specialty. The Supreme Court stated that the plaintiff seeking to prove that a medical specialist failed to adhere to these standards of care or skill is not limited to expert medical testimony by witnesses practicing or familiar with the standards of care and skill within the defendant-specialist’s community or locality. The Ardoin decision stated that testimony of qualified experts, regardless of whether practicing within or familiar with the defendant doctor’s locality, is admissible to prove the degree of care ordinarily exercised and the degree of skill or knowledge ordinarily possessed by physicians within the involved medical specialty. However, the court pointed out that evidence of the local facilities and resources available, as well as evidence of other pertinent local conditions, is also admissible and should be considered by the trier of fact in its determination of this question. The Supreme Court concluded by holding that the provisions of LSA-R.S. 9:2794 should be given retroactive effect.
In the present case, the effect of the trial judge’s rulings was to prohibit plaintiffs’ expert from testifying to the degree of skill, care and knowledge ordinarily exercised or possessed by physicians specializing in pediatrics. In light of the Supreme Court’s pronouncements in Ardoin, we feel justice would be best served by remanding this action to the trial court for a new trial.
As mentioned previously, the Ardoin decision is most recent. The trial judge in refusing to allow plaintiffs’ expert to answer certain questions was relying on established jurisprudence dating back to the landmark case of Meyer v. St. Paul-Mercury Indemnity Company of St. Paul, Minn., et al, 225 La. 618, 73 So.2d 781 (La.1954), which established the “locality rule” in medical malpractice cases. The Ardoin decision, rendered by the Supreme Court after the present case was tried, specifically overruled Meyer insofar as Meyer was in conflict with the views expressed in Ardoin.
For the above reasons, the judgment of the trial court is reversed and set aside. This case is remanded to the trial court for a new trial in accordance with the views expressed herein. Costs of this appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.