539 So.2d 662 (1989)
Lawrence SOILEAU, Plaintiff-Appellant,
v.
HCA HEALTH SERVICES OF LOUISIANA, INC., d/b/a Cypress Hospital and Dr. W.A. Bernard, Defendants-Appellees.
No. 87-1136.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Vincent J. Saitta, Lafayette, and Losavio & Weinstein, John H. Weinstein, Opelousas, for plaintiff/appellant.
Seale, Smith & Phelps, Donald J. Zuber, Baton Rouge, Gachassin, Hunter, Susan Severance, Nicholas J. Sigur, Lafayette, for defendants/appellees.
Before GUIDRY, KNOLL and KING, JJ.
KING, Judge.
The issues presented by this appeal concern whether or not plaintiff met his burden of proving medical malpractice.
Lawrence Soileau (hereinafter plaintiff) filed suit for damages against HCA Health Services of Louisiana, Inc., d/b/a Cypress Hospital and Dr. William A. Bernard (hereinafter the defendants) alleging that upon his admittance by Dr. Bernard to Cypress Hospital for treatment of chemical dependency he was detoxified and removed from all medications without the consultation of his prescribing physicians or a psychiatrist. Plaintiff claims this action constituted medical malpractice and caused him to sustain personal injuries. The case went to trial before a jury and at the conclusion of *663 the trial, motions for directed verdict were urged by both parties and denied. The jury returned a verdict in favor of the defendants rejecting plaintiff's claims. A formal written judgment was signed. Plaintiff timely devolutively appeals. We affirm.

FACTS
Plaintiff is a chronic alcoholic and abuser of various antipsychotic and antidepressant prescription medications. These medicines have been prescribed over the years for plaintiff by different members of the psychiatric medical community to counteract his acute depressive and disassociative behavior. Plaintiff was first hospitalized in 1955 for his depressive behavior, just prior to his discharge from the United States Navy. Plaintiff has been a patient at various mental health facilities periodically since 1967. Before the occurrence of the event sued on, plaintiff worked for twenty-six years with Freeport Sulphur Company. His most recent position was that of janitor.
On September 20, 1982, plaintiff voluntarily committed himself into the Alcohol and Drug Program (hereinafter the ADP) at Cypress Hospital. The staff nurse on duty at the time of his admittance was Janice Bowman, LPN. Bowman asked plaintiff a number of questions when she completed his admittance forms, and noted that he was calm and alert. Bowman took a complete medical history on plaintiff, including past mental and physical ailments, treatments, and hospitalizations. While Bowman was taking his blood pressure, pulse, etc., plaintiff told Bowman that he was there to be "dried out and drug free." Plaintiff listed the medicines he was then presently taking as Etraphon Forte, 40 milligrams, three times a day; Tranxene, 7.5 milligrams, three times a day, and Stelazine, 5 milligrams, at night for sleep. He also listed Thorazine, but did not give a dosage. He told Bowman that he had been taking these particular medications for five years. Bowman testified she knew that these medications are used to treat different psychiatric nervous conditions. Plaintiff also related information concerning his nervous breakdown in 1978 but did not inform Bowman that he had been diagnosed as schizophrenic or ever given any other diagnosis of his condition.
Dr. William A. Bernard, a general family practitioner, was Soileau's doctor at Cypress Hospital. He took his own patient history from plaintiff within 24 hours after plaintiff's admission to Cypress Hospital. Dr. Bernard discontinued all of plaintiff's medications and maintained him on Serax to ease the detoxification process. Dr. Bernard testified that he felt able to recognize schizophrenic disorders when he saw them, but that plaintiff did not display any symptoms of schizophrenia upon his admission and that he did not diagnose him as suffering from such an illness at that time. Dr. Bernard further stated that if plaintiff had acted violently or otherwise inappropriately at admission, he would have been transferred immediately to a psychiatric closed ward. The only reference plaintiff made about his previous diagnosis as schizophrenic was after the occurrence of the event sued on and during the post-admission ADP Social Assessment.
The program to which the plaintiff committed himself was a standard type of chemical treatment dependency program modeled after the Hazelton/Johnston Program. At the time of the plaintiff's admission to Cypress Hospital, there was an almost identical treatment program in Baton Rouge and several others throughout the State. Since the time that the plaintiff's cause of action arose, two other dependency treatment facilities have been established in the community in which Cypress Hospital operates, both of which have programs substantially similar to that of Cypress Hospital.
A chemical dependency treatment program modeled after the Hazelton/Johnston Program generally has three phases of treatment: (1) detoxification to determine a baseline upon which to structure treatment; (2) education; (3) recovery/follow-up. Typically, a patient in a Hazelton/Johnston type program would be taken *664 off of all mood altering substances during the detoxification phase of the treatment.
On or about October 6, 1982, the plaintiff suffered some sort of emotional breakdown. Soileau became paranoid and violent and had delusions that he was God. He thought the smoke detector in his hospital room was bugged, so he sprayed shaving cream inside of the mechanism and pulled it off the wall. Plaintiff had been given a chip as reward for staying drug-free and sober and he thought the doctors were controlling him through this chip. Dr. Bernard sought a psychiatric consultation for plaintiff with Dr. Phillip Landry immediately upon witnessing his bizarre behavior. Plaintiff was treated with medication and was brought to the psychiatric ward, where he remained for 17 days.
On March 1, 1983, plaintiff filed this suit against HCA Health Services of Louisiana, Inc., d/b/a Cypress Hospital and Dr. William A. Bernard. He alleged that the defendants were grossly negligent in treating him for chemical dependency by removing him from all medications without first consulting the physicians who had prescribed his medications or a psychiatrist. Plaintiff alleged that the defendants are guilty of medical malpractice for violating the requisite standard of care ordinarily exercised by physicians in the medical community within the involved medical specialty. The jury rendered a verdict in favor of the defendants. Plaintiff appeals urging two assignments of error.

LAW
In his first assignment of error, plaintiff claims that Dr. Bernard failed to comply with the appropriate standard of care, in violation of La.R.S. 9:2794, when he removed plaintiff from his medicine without first consulting the physicians who had prescribed his medications or a psychiatrist. La.R.S. 9:2794 A(1) states that:
"A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty."
Plaintiff has the burden of proof to establish that a health care provider, such as defendants, deviated from the required standard of care. Smith v. Gottsegen, 535 So.2d 1330 (La.App. 5 Cir.1988); Mariano v. Tanner, 497 So.2d 1066 (La.App. 5 Cir. 1986), writ den., 501 So.2d 235 (La.1987). In the case of Hines v. St. Paul Fire & Marine Ins. Co., 361 So.2d 969, at page 970 (La.App. 3 Cir.1978), this court discussed La.R.S. 9:2794 and the evidence admissible to meet the burden of proof in an action for medical malpractice by stating:
"... testimony of qualified experts, regardless of whether practicing within or familiar with the defendant doctor's locality, is admissible to prove the degree of care ordinarily exercised and the degree of skill or knowledge ordinarily possessed by physicians within the involved medical specialty. However, the court pointed out that evidence of the local facilities and resources available, as well as evidence of other pertinent local conditions, is also admissible and should be considered by the trier of fact in its determination of this question...."
The fact that a health care provider might choose to utilize a less common approach does not infer negligence. Smith v. Gottsegen, supra. Appellant interprets La. 9:2794 A(1) to mean that the appropriate standard of care is established by what members of a specialty, such as psychiatry, do as opposed to what the standard of care is for health care providers in a clinic offering therapy modeled after the Hazelton/Johnston *665 Program. Although both of plaintiff's expert witnesses were qualified as psychiatrists and specialists in the field of substance abuse, neither doctor testified as to the standard of care exercised by a physician practicing in a clinic offering therapy modeled after the Hazelton/Johnston Program. Both doctors testified that, in their opinions as psychiatrists, they would not have removed plaintiff so abruptly from his antipsychotic medicine. Both doctors admitted that they had difficulty conceptualizing Dr. Bernard's actions outside of their perspectives as psychiatrists. Dr. Landry admitted that it was a judgment call whether plaintiff's breakdown was caused by withdrawal symptoms or by the schizophrenic disorder itself. After reviewing the record, we agree that plaintiff has not met his burden of proving the applicable standard of care or that the defendants failed to meet the standard of care ordinarily exercised by health care providers in the medical community in a clinic offering therapy modeled after the Hazelton/Johnston Program.
Defendants' evidence at trial consisted of a detailed description of the ADP at Cypress Hospital, the similarity between the ADP at Cypress Hospital and Hazelton/Johnston Program, the medical acceptability of the Hazelton/Johnston Program, and an explanation of the different phases of treatment. Dr. Bernard and the other witnesses testified as to plaintiff's demeanor and condition upon admittance to Cypress Hospital and that Dr. Bernard made his decision to detoxify plaintiff in the usual manner without psychiatric consultation, based upon the information given by plaintiff about his past medical history. The jury found that the defendants were not negligent in failing to exercise the appropriate standard of care for plaintiff's treatment. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trier of fact's finding, the appellate court on review should not disturb the factual finding in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). We do not find that the jury was clearly wrong or manifestly in error and for this reason we will not disturb the jury's verdict. For this reason plaintiff's first assignment of error has no merit.
In plaintiff's second assignment of error, he claims that defendants' experts failed to meet their burden of proof. La.R.S. 9:2794 C states that:
"C. In medical malpractice actions the jury shall be instructed that the plaintiff has the burden of proving, by a preponderance of the evidence, the negligence of the physician, dentist or chiropractic physician. The jury shall be further instructed that injury alone does not raise a presumption of the physician's, dentist's, or chiropractic physician's negligence. The provisions of this Section shall not apply to situations where the doctrine of res ipsa loquitur is found by the court to be applicable." (Emphasis added.)
Defendants had no burden of proof and for this reason this assignment of error also lacks merit.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of these proceedings are taxed to plaintiff-appellant.
AFFIRMED.